No. 649          July 8, 2026          395

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAN MIGUEL CEJA-HERNANDEZ,
*Defendant-Appellant.*

Marion County Circuit Court
22CR49574; A184206

Jodie A. Bureta, Judge.

Argued and submitted April 23, 2026.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment of conviction for two Class C felonies: unauthorized use of a vehicle (UUV) (Count 1), ORS 164.135, and unlawful possession of methamphetamine (Count 2), ORS 475.894. The trial court sentenced defendant to 60 months in prison. In three assignments of error, defendant argues that the trial court erred when it (1) denied defendant's motion for substitute counsel; (2) denied defendant's motion to postpone trial; and (3) admitted the car owner's 9-1-1 call when it did not qualify under the excited utterance exception to hearsay.

We review both the denial of a request to substitute court-appointed counsel and the denial of a motion for a continuance for abuse of discretion. *State v. Olson*, 298 Or App 469, 472, 447 P3d 57 (2019); *State v. Gallegos*, 265 Or App 248, 251, 336 P3d 515 (2014), *rev den*, 356 Or 685 (2015). We review "a trial court's legal conclusion that a statement was admissible under the excited utterance exception to hearsay for legal error." *State v. Underwood*, 266 Or App 274, 277, 337 P3d 969 (2014), *rev den*, 356 Or 685 (2015). We affirm the trial court's denial of defendant's motions to substitute counsel and for a continuance. We additionally affirm the trial court's admission of the 9-1-1 call under the excited utterance exception to hearsay.

DENIAL OF THE MOTION TO SUBSTITUTE COUNSEL

"[A] defendant has no right to have another court-appointed lawyer in the absence of a legitimate complaint concerning the one already appointed for him." *State v. Langley*, 314 Or 247, 257, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993) (internal quotation marks omitted). "A 'legitimate complaint' about a court-appointed lawyer is one that is based on an abridgement of a criminal defendant's constitutional right to counsel." *Id.* at 258. "For the trial court, determining the legitimacy of any complaint about appointed counsel is case—and fact—specific. In furtherance of its consideration of the circumstances of the case, the trial court possesses discretion to determine the scope of the inquiry necessitated by a particular

complaint." *Olson*, 298 Or App at 472 (internal quotation marks omitted).

In October 2022, the court appointed defendant counsel to represent him for this trial. The day before trial began, defendant's counsel filed a motion to withdraw, listing one reason for doing so: "Attorney client relations have broken down." At the start of the first day of trial, the court stated, "Yesterday it came to my attention via [defense counsel] that perhaps you were going to make a request for a new attorney?" Defendant responded, "Yes, Your Honor." The court asked defendant to explain his request for new counsel, and defendant highlighted his negative interactions with defense counsel and her failure to secure the appearance of defense witnesses for trial. Defendant told the court that he had identified "specific witnesses" for trial and had told counsel "exactly where they are[.]" Defendant stated that he believed counsel was "lying" that she could not secure the witnesses and that counsel and her office had cut off communication with defendant.

The court sympathized with defendant's confusion and frustration with the legal system. However, after further discussion with defendant, and based on the representation of defendant's counsel that she was prepared to proceed to trial, the trial court denied the motion for substitute counsel.

At the end of the first day of trial, and after the state presented its case, defendant again raised his dissatisfaction with counsel and said that he had a court-appointed attorney in a different case whom he would like to represent him. The court replied that it could not do anything "midtrial" except allow defendant to represent himself, which defendant declined to do.

At the start of the second day of trial, defendant renewed his motion for substitute counsel and said that he had filed a bar complaint against counsel. Defendant again complained the counsel had failed to secure witnesses, despite defendant providing "addresses[,] *** locations, phone numbers, everything." The court asked defense counsel about her efforts to find the witnesses, and counsel said

that her investigator had "been attempting yesterday and this morning" to try to find two of the witnesses using "a drawn map" and an "apartment number." Further, the investigator had "been driving around places that [defendant] had indicated that either of these other two witnesses could be[.]" Defense counsel then told the court that she could not find the fourth witness, despite him being in prison in Idaho.

The court found that defense counsel "made every effort that she can to locate every witness that [defendant] wanted to call in this case. And [the witnesses are] either unfindable or unavailable ***." The court also found that "additional time" would not allow defense counsel to find any of the witnesses.

Defendant again mentioned one of his requested witnesses, who was a police officer, and counsel noted that she was "on the Brady list," had "credibility issues," was no longer a police officer, and now lived "somewhere in Washington." More generally, the court told defendant, "[I]f [the witnesses] can't be found, they can't be found. We *** don't continue cases indefinitely to keep searching for people who, quite frankly, may not want to be found."

On appeal, defendant argues that the trial court's denial of the motion for substitute counsel was an abuse of discretion because defense counsel's failure to secure witnesses for trial and counsel's "undermining of and failure to advocate for defendant's motion to postpone trial" merited appointment of substitute counsel. Although the trial court has no affirmative obligation to make an independent factual inquiry into a defendant's complaints, it must hear the defendant's concerns and "engag[e] in such inquiry as the nature of [the] defendant's complaints requires." *State v. Smith*, 339 Or 515, 530, 123 P3d 261 (2005). On appeal, defendant argues that the record shows that defense counsel failed to secure the appearance of five material witnesses;[1] that defendant provided sufficient information to

---

[1] Those five witnesses were:

"(1) Burris, who would testify that he and defendant had [the car owner's] permission to use the truck; (2) Garza, who fled from police and who defendant testified owned the fanny pack [in which the methamphetamine was found for which defendant was arrested]; (3) Officer Judy Dan, who counsel believed would 'make[] some observations about [the car owner]' that would

allow counsel or her investigator to locate many of the witnesses; and that counsel's failure was not a strategic decision. Defendant argues that counsel's failure to secure the appearance of any of the defense witnesses is a "legitimate complaint" that warranted substitution.

The state responds that "[a] simple loss of confidence or disagreement with counsel's approach to matters of strategy is not cause to substitute one appointed lawyer for another." *Langley*, 314 Or at 258. The state also argues that when determining whether a defendant's complaint is legitimate, the trial court is entitled to consider and rely on the representations of the defendant's counsel. *See Smith*, 339 Or at 531 (the trial court credited defense counsel's statement that he was prepared for trial and concluded that the defendant had not demonstrated a legitimate reason for the court to appoint substitute counsel).

Here, the court found that defense counsel "made every effort that she can to locate every witness that [defendant] wanted to call in this case. And they're either unfindable or unavailable ***." The court also found that "additional time" would not allow defense counsel to find any of the witnesses. The trial court relied on defense counsel's representations to the court, which it is entitled to do. *Smith*, 339 Or at 531. Having reviewed the record, we conclude that the trial court did not abuse its discretion in determining that the aspects of defense counsel's representation that defendant raised were not "legitimate complaint[s]," and we affirm the trial court's denial of the motion for substitute counsel. *Langley*, 314 Or at 257.

## DENIAL OF THE MOTION TO POSTPONE TRIAL

The trial court also did not err when it denied defendant's motion for a continuance. We review the denial of a motion for a continuance for an abuse of discretion. *Gallegos*,

---

be 'helpful' to defendant; (4) Mason, who was present during the search of the truck; and (5) Nicole Stone, who [was present at the scene,] associated with [the car owner] and defendant and would testify that [the car owner] 'gave [Burris] the keys.'"

Defense counsel acknowledged that those witnesses could provide potentially helpful evidence but stated that her investigator was not able to find any of the witnesses.

265 Or App at 251. When "a party requests a continuance because a witness is unable or fails to appear at trial, that party must demonstrate that: (1) the witness can be produced; and (2) if produced, the witness would testify about a material fact." *State v. Moore*, 324 Or 396, 410, 927 P3d 1073 (1996).

After the parties discussed other pretrial matters, defendant personally asked for a "continuance" to secure the appearance of his witnesses. The court said that defense counsel had done all that she could do to find the witnesses and denied the request. Defendant contested the notion that defense counsel had done all that could be done to find the witnesses. Defendant stated that one of his requested witnesses was present on the scene and would testify that the car owner gave someone other than defendant the keys, was a "stay-at-home mom" and was therefore findable. The court again denied the continuance request as without "merit[.]"

On appeal, the state argues that defendant, not his attorney, requested the continuance. The state argues that the court did not deny defendant's motion on its merits; it simply declined to consider the motion because defendant was represented by counsel who had assessed the case and represented that they were prepared to proceed.

Because defendant did not have a right to hybrid representation, the trial court properly declined to consider defendant's *pro se* motion. *See State v. McDonnell*, 313 Or 478, 495, 837 P2d 941 (1992) ("[A] trial court has discretion to allow, as well as to deny, hybrid representation."). In any event, the trial court did consider defendant's motion on its merits. We affirm the trial court's denial of defendant's motion for a continuance because, on this record, the trial court found that additional time would not lead to procurement of witnesses. The investigator followed defendant's map and directions and could not locate any of the local witnesses, even in suggested alternative locations. The trial court had concerns that the other two witnesses that defendant thought were out of state would not necessarily be willing to testify, even if located. Given the arguments and assertions made by defendant, it was a reasonable exercise of discretion for the trial court to deny the request.

ADMITTED 9-1-1 CALL

The trial court did not err in admitting the victim's 9-1-1 call. "We review a trial court's legal conclusion that a statement was admissible under the excited utterance exception to hearsay for legal error." *Underwood*, 266 Or App at 277. We "will not disturb" the trial court's findings that underlie its application of the excited utterance exception "if evidence in the record supports them." *State v. Yong*, 206 Or App 522, 529, 138 P3d 37, *rev den*, 342 Or 117 (2006). In the absence of express findings, we "review the facts consistently with the trial court's ruling that the * * * statements constituted an excited utterance, accepting reasonable inferences and reasonable credibility choices that the trial court could have made." *Underwood*, 266 Or App at 275 (internal quotation marks omitted). Even erroneously admitted evidence is harmless if it had little likelihood of affecting the jury's verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

Defendant argues on appeal that the trial court erred in admitting a 9-1-1 call that the owner of the car made two minutes after defendant drove away with the owner's vehicle because the taking of the car was not a "startling event" that could support admission of the hearsay statements under the excited utterance exception. *Wilson v. Laney*, 317 Or App 324, 333, 504 P3d 666 (2022). Here, the victim, the car owner, testified that defendant drove off in the victim's truck, which contained all of his possessions, without any warning.

The state argues that even if the trial court erred, any error was harmless because the statements the victim made in the 9-1-1 call were largely cumulative of other evidence in the record. It was undisputed that defendant was the driver of the stolen vehicle, and the victim's statements to the 9-1-1 operator about what happened were consistent with his testimony in court. We are persuaded that the circumstances relayed to the officer supported the trial court's determination that the exception applied, and that even if admitting the entire call was error, any error was harmless.

We affirm the trial court's denial of defendant's motions for substitute counsel and for a continuance. We additionally affirm the evidentiary ruling admitting the 9-1-1 call.

Affirmed.